# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.07-04050-01-CR-C-NKL |
| | ) |
| CHARLES EDWARD LEE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Charles Edward Lee ("Lee") pleaded guilty to weapons and controlled substance charges in March 2009. Before the Court is Lee's Motion to Withdraw Plea [Doc. # 36]. Lee seeks to withdraw his plea in order to file a motion to suppress a gun that was found in his vehicle at the time of his August 2007 arrest. For the following reasons, the Court denies the motion.

### I.  Background

In August 2007, Lee was arrested on a probation violation warrant. At the time of his arrest, he was driving a car and the police were aware that he reportedly carried a loaded .22 caliber handgun in his vehicle.

The arresting officer noted that when Lee was stopped, he had a gallon of water in his possession, was unable to stand still after he exited the car, was shaking, had what appeared to be track marks, and kept asking for water. The arresting officer concluded that

Lee was using controlled substances. The police report states that the officer conducted a search incident to arrest, found a metal document box containing several rounds of .22 ammunition in the car, and – though Lee denied having a gun in his personal effects – a .22 gun in the trunk of the vehicle inside a duffel bag, as well as drug paraphernalia.

**II.     Discussion**

A defendant who demonstrates "fair and just reason" may withdraw a guilty plea at the discretion of the district court. Fed. R. Crim. P. 11(d)(2)(B). Lee argues that the decision in *Arizona v. Gant*, 129 S.Ct. 1710 (2009), gives him "fair and just reason" to withdraw his plea and seek suppression of the gun. *Gant* holds that, where there is no possibility that an arrestee can reach into the areas officers seek to search, there is no safety concern to justify a search without a warrant. *Id.* at 1719. However, the *Gant* court clarified that in some circumstances a warrantless search of a vehicle can be made even if the defendant is in custody. For example, "if there is probable cause to believe a vehicle contains evidence of criminal activity," officers may "search . . . any area of the vehicle in which the evidence might be found." and officers may search for evidence relevant to offenses other than the offense of arrest. *See id.* at 1721 (citing *United States v. Ross*, 456 U.S. 798, 820-821 (1982)). In *Ross* the Supreme Court expressly held that a police officer with probable cause sufficient to obtain a warrant may search any vehicle which has been lawfully stopped.

Lee argues that because he was already in custody, the search incident to his arrest was unlawful under *Gant* and evidence of the gun and drugs found in his vehicle as a result of the search should be suppressed. Lee was effectively precluded from raising this argument

2

at the time of his plea because Eighth Circuit case law clearly permitted searches incident to arrest even when police were not in danger. *See, United States v. Barnes*, 374 F.3d 601 (2004). Once *Gant* was decided, however, Lee claims he had a basis for suppressing the evidence.

After *Gant,* it is clear that Lee's car could not be searched incident to his arrest because after he was handcuffed he posed no threat to the police nor could he destroy any evidence. However, the Court can consider other bases for the search even if the police said they made the search incident to Lee's arrest. This is because the Court is not bound by the subjective intentions of the police officers. *See United States v. Lopez*, 564 F.3d 1001 (8th Cir. 2009).

In *United States v. Martinez-Cortez*, 566 F.3d 767, 771 n.3 (8th Cir. May 22, 2009), the Eighth Circuit found that *Gant* does not invalidate every search made incident to arrest after a suspect is taken into custody. In that case, officers had stopped and searched a defendant's vehicle as he was backing down the driveway of a residence when police arrived to execute a search warrant, even though the suspects were handcuffed at the time of the search. The *Martinez-Cortez* court found that the search was valid in part because of the furtive behavior of the occupants once the vehicle was stopped. This furtive behavior gave the officers probable cause to believe that contraband or other evidence of drug crimes would be found, an independent basis for conducting a warrantless search. *Id.* (citing *United States v. Ross*, 456 U.S. 798 (1982), cited with approval in *Gant*, 129 S. Ct. at 1721).

Here, Lee was arrested for a probation violation; the arresting officer had reports that Lee carried a loaded weapon and observed behavior by Lee which indicated the use of controlled substances. The report about the firearm came from statements by Lee's family

3

to a probation officer. This is sufficient to convince the Court that it is unlikely that Lee would be successful on a motion to suppress evidence if the Court were to set aside his guilty plea. The statements by identified family members to a probation officer concerning a gun in Lee's car gave the police officer probable cause to search the car of a felon who was prohibited from carrying a firearm.

Moreover, the good faith of officers relying on *pre-Gant* precedent supports a search otherwise indefensible under *Gant*. For example, in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), the court found that *Gant* did not require suppression of evidence from a search under the good faith exception to the warrant requirement where (1) the search of the vehicle was supported by pre-*Gant* precedent and (2) allowing the evidence did not undermine the principle of deterrence underlying the exclusionary rule. The *McCane* court stated: "we agree with the government that it would be proper for this court to apply the good-faith exception to a search justified under the settled case law of a United States Court of Appeals, but later rendered unconstitutional by a Supreme Court decision." *Id.* Lee's arrest occurred prior to the *Gant* decision. Lee agrees that pre-*Gant* Eighth Circuit precedent would have allowed the search. Allowing the evidence produced by the search would not undermine the principle of deterrence underlying the exclusionary rule. *See generally United States v. Hrasky*, 567 F.3d 367 (8th Cir. 2009) (granting petition for rehearing on suppression where the Government conceded that *Gant* invalidated the search but suggesting that good-faith reliance on pre-*Gant* precedent may justify an exception to the exclusionary rule).

Lee has not provided a fair and just basis for withdrawing the guilty plea.

4

Accordingly, it is hereby ORDERED that Defendant Charles Edward Lee's Motion to Withdraw Plea [Doc. #  36] is DENIED.

                                                                                 s/ Nanette K. Laughrey
                                                                                 NANETTE K. LAUGHREY
                                                                                 United States District Judge

Dated: November 10, 2009
Jefferson City, Missouri